IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHARON DUFFEE,

    Plaintiff,                                                  Case No.: D-202-CV-2023-03822

v.

T-MOBILE USA, INC.,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c), Defendant T-Mobile USA, Inc. ("Defendant") provides notice of the removal of the above-captioned action from the Second Judicial District Court, State of New Mexico, County of Bernalillo ("State Court") to the United States District Court for the District of New Mexico (the "Notice"). As grounds for this Notice, Defendant states as follows:

## I. INTRODUCTION

1. Plaintiff Sharon Duffee ("Plaintiff") filed her Complaint on or about May 11, 2023 with the Second Judicial District Court, County of Bernalillo, New Mexico (the "State Court"), styled as *Sharon Duffee v. T-Mobile USA, Inc.* (the "Complaint"). *See* State Court docket, attached as Exhibit A.

2. Plaintiff served the Complaint on Defendant through its registered agent on May 24, 2023.

3. Plaintiff alleges in the Complaint that Defendant violated the Americans with Disabilities Act ("ADA") and the New Mexico Human Rights Act. *See* Complaint, ¶ 39, attached as Exhibit B.

4. The predominant allegations in the Complaint are ADA violations. *See generally*, Ex. B.

## II.   FEDERAL QUESTION JURISDICTION IS PROPER

5. The crux of Plaintiff's Complaint is a claim for relief under federal law, namely the Americans with Disabilities Act.

6. Specifically, Plaintiff alleges violations of 42 U.S.C. § 12112, *et seq.* and 42 U.S.C. § 12102. Ex. B at ¶¶ 7, 28, 39, and 60-82

7. Plaintiff's claims arise under the laws of the United States, which provides original jurisdiction to this Court pursuant to 28 U.S.C. § 1331.

8. Further, Plaintiff requests injunctive and other relief specifically authorized under federal law. *See* Ex. B at ¶¶ 71-72, and 83-84.

9. Accordingly, original jurisdiction is proper in this Court.

## III.   ALTERNATIVELY, DIVERSITY JURISDICTION IS PROPER

10. Plaintiff is a resident and citizen of Albuquerque, New Mexico, County of Bernalillo. *See* Ex. B at ¶ 1.

11. Defendant is incorporated in Delaware and its principal place of business is in Washington. *See* Affidavit of Monica Frohock, at ¶ 3, attached as Exhibit C.

12. Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires, in addition to diversity of citizenship, an amount in controversy in excess of $75,000, exclusive of interest and costs.

13. The amount in controversy is not stated by Plaintiff on the face of the Complaint.

14. A plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount in the complaint. *See McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008).

15. A notice of removal may state the amount in controversy if the initial pleading seeks a money judgement, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2).

16. New Mexico statutes provide that a complaint shall not contain an allegation for damages in any specific monetary amount, unless it is a necessary allegation of the complaint. N.M. R. Civ. P. 1-008(A)(3) (2007).

17. Defendant therefore must establish jurisdiction by proving facts that make it possible that the $75,000 amount in controversy is in play. *McPhail,* 529 F.3d at 955.

18. A defendant may rely on an estimate of the potential damages from the allegations in the complaint. *Id.*

19. Without admitting that Plaintiff is entitled to damages or could recover damages in any amount from Defendant, the amount in controversy in this action exceeds $75,000.00.

20. At the time of her termination of employment with Defendant on June 1 2022, Plaintiff's annual compensation was valued at $54,217. 80 per year. *See* Ex. C at ¶5.

21. In her Complaint, Plaintiff claims the following damages because of the actions or inactions of Defendant: emotional distress; loss of earnings and other employment benefits; punitive damages; and attorney's fees. *See* Ex. B at ¶¶ 48, 59, 71-72, 83-84. If Plaintiff were to prevail, Plaintiff could recover back-pay, front-pay, emotional distress and attorneys' fees. Given that Plaintiff's trial would likely not occur before June of 2024, Plaintiff's back pay, front pay and alleged compensatory damages would exceed $75,000.00

22. Based upon the allegations contained in Plaintiff's Complaint, including her claims for lost and benefits, emotional distress, attorney's fees and punitive damages, the facts establish that Plaintiff's alleged damages exceed the $75,000.00 amount in controversy.

23. This Court therefore has jurisdiction over this action pursuant to 28 U.S.C. section 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy in this action exceeds $75,000.00.  This action therefore may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b), based upon this Court's diversity jurisdiction.

### IV.     SUPPLEMENTAL JURISDICTION IS PROPER

24.  This court has jurisdiction over Plaintiffs' state law claims which have been joined with those claims arising under its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

25. The ADA provides the predominant basis for Plaintiff's allegations against Defendant.  *See* Ex. B at ¶¶ 7, 28, 39, and 60-82.

26. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  *See supra*, § II.

27. Count III and IV in Plaintiff's Complaint is specifically directed at alleged violations of Plaintiff's civil rights under the ADA.  Ex. B at ¶ 60-84.

28. Counts I and II in Plaintiff's Complaint are for Violations of the New Mexico Human Rights Act, respectively.  *Id.* at 40-59.

29. Counts I and II, however, are based on the same conduct – the alleged ADA violations.  Accordingly, they are sufficiently related to the federal claims so as to form part of the same case or controversy.  *See, e.g.,* Ex. B at ¶ 42 (referencing ADA violation in claim for violation of NMHRA), ¶ 50 (referencing ADA violation in claim for violation of NMHRA).

30. As such, this Court has supplemental jurisdiction over the additional claims alleged by Plaintiff. *See* 28 U.S.C. § 1367(a).

31. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which requires that notice be filed within 30 days of receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

32. This Court is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending.

33. A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as Exhibit D.

34. Defendant has requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ. 81.1(a).

35. A copy of the docket sheet from the State Court action is attached hereto as Exhibit A.

36. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal and a copy of this Notice were filed concurrently with the Second Judicial District Court, State of New Mexico, County of Bernalillo.

37. The Notice of Notice of Removal filed in State Court, without exhibits, is attached hereto as Exhibit E.

## V. REMOVAL IS TIMELY

38. Plaintiff filed this Complaint on May 11, 2023. Defendant was served on May 24, 2023.

39. Therefore, this Notice of Removal is timely pursuant to 28 U.S. C. § 1446(b), which requires that notice be filed within 30 days of receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or tother paper from which it may first be ascertained that the case is one which is or has become removable.

## VI. ALL OTHER REMOVAL REQUIREMENTS ARE MET

40. This Court is the appropriate venue for removal of Plaintiff's State Action, pursuant to 28 U.S.C. § 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending.

41. A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as Exhibit D.

42. Defendant has requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ. 81.1(a).

43. A copy of the docket sheet from the State Court action is attached hereto as Exhibit A.

44. Pursuant to 28 U.S.C. § 1446(d), a Notice of Notice of Removal and a copy of this Notice, were filed concurrently with the Second Judicial District Court, State of New Mexico, County of Bernalillo.

45. The Notice of Notice of Removal filed in State Court, without exhibits, is attached as Exhibit E.

Respectfully submitted,

JACKSON LEWIS P.C.

By */s/ Melina Valladares*
       Melina Valladares
       Danny W. Jarrett
500 Marquette Ave. NW, Suite 1050
Albuquerque, NM 87102
(505) 878-0515
Melina.valladares@jacksonlewis.com
Danny.Jarrett@jacksonlewis.com
**Attorneys for Defendant**

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on this 22nd day of June, 2023, and sent a copy via email to counsel for Plaintiff:

**Christopher T. Saucedo**
**Daniel C. Apodaca**
**SaucedoChavez, P.C.**
Post Office Box 30046
Albuquerque, NM 87190
(505) 388-3945
csaucedo@saucedochavez.com
**dapodaca@saucedochavez.com**

JACKSON LEWIS P.C.

By: */s/Melina Valladares*
       Melina Valladares